### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD REYNOLDS,<br>Plaintiff,<br><br>v.<br><br>ANGEL QUIROS et al.,<br>Defendants. | No. 3:21-cv-1064 (SRU) |

### PROTECTIVE ORDER

The parties have filed a joint motion for a protective order seeking confidentiality concerning certain documents and information related to Department of Correction ("DOC") investigations into alleged staff misconduct. *See* Doc. No. 99 at 1-2. This Court finds good cause exists for the issuance of a protective order. Accordingly, I order the following:

1. The use of the designated documents and information provided to Plaintiff's counsel by Defense counsel or by counsel for the Commissioner of Correction, their staff, or their experts, shall consist of and be limited to disclosure to:

    a. Counsel of record for the parties;

    b. Attorneys and staff employed by counsel referenced in section (a) above;

    c. Experts, investigators, and consultants retained by counsel of record in connection with this action;

    d. The Court;

    e. Any court reporter or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this action; and

    f. Witnesses or prospective witnesses at deposition or trial.

2. Any person identified in Paragraph 1 (c), or (f) to whom the designated documents are to be disclosed subject to the Protective Order shall be informed of the contents of the Protective Order prior to disclosure and shall agree in writing, or by statement recorded in a written transcript of proceedings, to be bound by its terms.

3. The designated documents and information set forth above may be disclosed consistent with Section 5 of this Court's Standing Protective Order, doc. no. 7, subject to the following:

   a. The plaintiff, Richard Reynolds, and any other witness who is or was housed within DOC, is expressly prohibited from viewing and/or being provided with a copy of any of the designated documents and information listed above or from otherwise being informed as to the identities of the inmates and/or employees contained within the designated documents. However:

   b. If in the opinion of Plaintiff's counsel it becomes necessary for the plaintiff to view and/or be provided with a copy of any of the designated documents, Plaintiff's counsel will seek the prior consent of counsel for the defendants, or if necessary, an order from the Court.

4. The Plaintiff, his attorneys, agents, employees, and/or experts are expressly prohibited from copying said designated documents without prior written consent of the Defendants' counsel, or approval of the Court, except that Plaintiff's counsel may save electronic copies of the designated documents necessary for review by counsel or staff and may make paper copies for purposes of court

submissions, subject to paragraph 8 below. Although Plaintiff's counsel of record are permitted to disclose the contents of the designated documents to deposition and/or trial witnesses subject to the requirements set forth herein, Plaintiff's counsel and staff are prohibited from providing a physical copy or copies of the designated documents to any deposition and/or trial witness without the prior consent of the Defendants' counsel or order of the Court.

5. Within thirty (30) days of the conclusion of this litigation by settlement or judgment after trial and the resolution of any appeals, the designated documents and information shall be returned to counsel for the Defendants, or counsel for the Plaintiff will certify to counsel for the Defendants that the designated documents and information have been destroyed, and this Protective Order will remain binding until such time as that had been completed.

6. Any party may seek a modification of the Protective Order based upon a showing of good cause that the modification is necessary to further this pending action only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this action.

7. Nothing in this order waives any party's right to object to admissibility of the designated documents or information, or any part thereof, at trial in this or any other proceeding.

8. Before filing any of the designated documents that is subject to this Protective Order with the Court and/or moving for its introduction into evidence, both

parties will jointly request that the designated documents or any portion thereof be filed under seal, except that either may request, for good cause shown, at the time of filing or thereafter, that the document or documents be unsealed. For the purpose of this section, "good cause" is defined as a good faith basis that the need to unseal the requested document(s) substantially outweighs the risks to safety and security. Unsealing will only be permitted only if the Court determines that unsealing will not adversely affect safety and security.

9. Plaintiff, through counsel, may challenge the designation of specific documents and information as confidential on the ground that the disclosure would not threaten the safety or security of inmates, staff or others.

This Order may be revisited in the event of a motion by either party to modify the terms of this Order.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of May 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge